IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

JONAH PAUL ANDERS,            )
                              )
    Plaintiff,                )
                              )   No. 16-cv-2299-SHL-tmp
v.                            )
                              )
MAYLA C. ANDERS,              )
                              )
    Defendant.                )
                              )
_____

REPORT AND RECOMMENDATION
_____

On May 2, 2016, *pro se* plaintiff Jonah Paul Anders filed a complaint against Mayla C. Anders. (ECF No. 1.) The same day, Mr. Anders also filed an application to proceed *in forma pauperis*, which the court granted on May 3, 2016. (ECF Nos. 2 & 4.) Pursuant to Administrative Order 2013-05 (Apr. 29, 2013), this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, it is recommended that Mr. Anders's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction.

I. PROPOSED FINDINGS OF FACT

On May 2, 2016, plaintiff Jonah Paul Anders filed a complaint against defendant Mayla C. Anders, who apparently is

Mr. Anders's wife. In his complaint, Mr. Anders alleges that Mrs. Anders, also known as Mayla C. Casacop, presented false documentation to various United States agencies for the purpose of obtaining citizenship, including providing false information about her marital status in the Philippines. Mr. Anders further claims that Mrs. Anders engaged in fraud in connection with her marriage to him, causing him over $50,000 in damages. The complaint asserts jurisdiction based on federal question.

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  Standard of Review

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i-iii). In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations

in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks

omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**B. Failure to State a Claim**

Mr. Anders's complaint references two federal statutes – 18 U.S.C. § 1001 and § 1015. However, both of these statutes outline criminal offenses that do not provide a private right of action. "Absent a private right of action, a plaintiff cannot recover civilly for violation of a criminal statute." Milam v. Southaven Police Dep't, No. 15-CV-02029-SHL-DKV, 2015 WL 1637937, at *7 (W.D. Tenn. Apr. 13, 2015), aff'd (Aug. 21, 2015); see also Saro v. Brown, 11 F. App'x 387, 388 (6th Cir.

2001) ("Violations of these [mail and wire fraud] sections of the federal criminal code do not give rise to independent, private causes of action."); Marshall v. Howard, No. 3:06-CV-354-H, 2007 WL 952076, at *2 (W.D. Ky. Mar. 26, 2007) ("Even if they have occurred, violations of state and federal statutes do not provide for private causes of action; authority to initiate criminal complaints rests exclusively with state and federal prosecutors.") (internal citation omitted). Additionally, "an individual cannot file criminal charges." Hayes v. Shelby Cnty. Tr., 971 F. Supp. 2d 717, 735 (W.D. Tenn. 2013); see also Hayes v. Cowans, No. 14-2366-STA-dkv, 2014 WL 2972298, at *9 (W.D. Tenn. July 2, 2014). Therefore, Mr. Anders's complaint fails to state a claim upon which relief may be granted with regard to these federal criminal statutes. Accordingly, the court recommends dismissal of these claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Lack of Subject Matter Jurisdiction**

The district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure. See Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua*

*sponte*."). The court must be satisfied of its own jurisdiction to hear the claims presented and may address the lack of jurisdiction at any time during the course of an action. Campanella v. Commerce Exch. Bank, 137 F.3d 885, 890 (6th Cir. 1998); Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 (6th Cir. 1992). Where subject matter jurisdiction is found to be lacking, dismissal is required. Fed. R. Civ. P. 12(h)(3). Even construing Mr. Anders's complaint in the most liberal light, the court submits that the complaint must be dismissed for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) (citations omitted); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which

federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction.").

Under 28 U.S.C. § 1331, federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." As discussed above, Mr. Anders fails to state a claim under the two federal criminal statutes. Merely referencing a federal statute, without more, is insufficient to invoke federal jurisdiction under § 1331. See Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.") (citation and internal quotation marks omitted); Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 817 (1986) ("[F]ederal jurisdiction cannot be based on a frivolous or insubstantial federal question"); Jenkins v. Methodist Healthcare – Memphis Hospitals, et al., No. 5-6195, p. 3 (6th Cir. May 6, 2016) ("'Merely referring to a federal statute . . .

does not establish federal jurisdiction if the dispute does not involve a substantial question of federal law.'") (quoting Am. Fed. of Television & Radio Artists, AFL-CIO v. WJBK-TV, 164 F.3d 1004, 1007 (6th Cir. 1999)); Thornton v. Sw. Detroit Hosp., 895 F.2d 1131, 1133 (6th Cir. 1990) ("Federal courts have jurisdiction under section 1331 in 'only those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.'") (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28, (1983)).

Alternatively, pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." A federal court has jurisdiction under § 1332 only if there is "complete diversity [of state citizenship] between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." Coleman v. Indymac Venture, LLC, 966 F. Supp. 2d 759, 769 (W.D. Tenn. 2013) (citing Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). Although not entirely clear,

it appears that Mr. Anders's complaint might contain a state law fraud claim. However, Mr. Anders does not plead the citizenship of Mrs. Anders, nor does he claim that diversity jurisdiction exists or allege any facts to establish diversity jurisdiction. The court notes, moreover, that Mr. Anders lists a Memphis address as his mailing address and has provided only a Memphis address for Mrs. Anders. Although a party's address is not dispositive of his or her citizenship, it strongly suggests that complete diversity is lacking in this case. Therefore, to the extent that his complaint can be construed as alleging a state law fraud claim, Mr. Anders has not demonstrated that complete diversity exists.

Finally, without a basis for federal jurisdiction, the court should not exercise supplemental jurisdiction over Mr. Anders's purported state law fraud claim. See 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."). Accordingly, it is recommended that any remaining state law claim be dismissed pursuant to 28 U.S.C. § 1367(c)(3). See McGhee v. Lipscomb, No. 2:15-CV-02023-JPM-tmp, 2015 WL 4726992, at *8 (W.D. Tenn. Aug. 10, 2015); Carter v. Collins, No. 15-2011, 2015 WL 474359, at *5 (W.D. Tenn. Feb. 4, 2015).

## III. RECOMMENDATION

For the reasons above, it is recommended that Mr. Anders's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

May 10, 2016
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**