# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JONAH PAUL ANDERS, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MAYLA C. ANDERS, )<br>    Defendant. ) | No. 16-cv-2299-SHL-tmp |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION

On May 2, 2016, *pro se* Plaintiff Jonah Paul Anders ("Plaintiff") filed a Complaint against Defendant Mayla C. Anders ("Defendant"), alleging that Defendant, to whom Plaintiff appears to be married, made false statements to various United States agencies regarding her previous marital status in the Philippines in violation of 18 U.S.C. §§ 1001 and 1015. (Complaint 3, ECF No. 1.) Plaintiff asserts that Defendant's alleged fraudulent criminal activities caused him damages in excess of $50,000. (Id. at 4.) On May 10, 2016, the Magistrate entered a Report and Recommendation pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and recommended that the Court dismiss the Complaint for failure to state a claim. (Report Recommendation, ECF No. 5.) The Magistrate found that Plaintiff's asserted claims under 18 U.S.C. §§ 1001 and 1015 are improper because neither of those statutes provides a private right of action, and, second, that this Court does not have subject matter jurisdiction over Plaintiff's potential state-law fraud claim because Plaintiff failed to plead facts demonstrating complete diversity between him and Defendant, as is required under 28 U.S.C. § 1332.

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim upon which relief can

be granted.  28 U.S.C. § 636(b)(1)(B).  "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 149 (1985).  The court only considers objections that are specific and explain the source of the Magistrate's error.  Zimmerman v. Cason, 354 F. App'x 228, 230 (6th Cir. 2009) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").  When neither party objects to the magistrate judge's factual or legal conclusions, the district court need not review those findings under a *de novo* or any other standard.  Thomas, 474 U.S. at 150.

On May 17, 2016, Plaintiff filed an Objection[1] to the Report and Recommendation.  (Reply to RR Response (hereafter "Objection"), ECF No. 6.)  Plaintiff's Objection consists entirely of three attachments: 1) a complaint for annulment or divorce that Plaintiff filed against Defendant in 2014 in the Circuit Court of Shelby County, Tennessee, 2) a motion for leave to amend that complaint filed in the same court, and 3) certificates from the Government of the Philippines regarding Defendant's marital status in the Philippines.  By simply filing these documents, Plaintiff has failed to lodge a specific objection explaining the source of the Magistrate's error.  Therefore, the Court does not consider Plaintiff to have made an objection to the Report and Recommendation at all.  Moreover, none of these documents cure the defects in Plaintiff's Complaint: there still remains no private right of action under 18 U.S.C. §§ 1001 and 1015, and none of the documents establish diversity of citizenship under 28 U.S.C. § 1332.  For those reasons, the Court **ADOPTS** the Report and Recommendation in its entirety, and **DISMISSES** Plaintiff's claims against Defendant **WITHOUT PREJUDICE**.

---

[1] Plaintiff titled the document as a "Reply to RR Response," however, the Court will refer to the document as Plaintiff's Objection.

**IT IS SO ORDERED**, this 2nd day of June, 2016.

              s/ Sheryl H. Lipman
              SHERYL H. LIPMAN
              UNITED STATES DISTRICT JUDGE